**UNITED STATES of America,**

v.

**The LaROUCHE CAMPAIGN, Independent Democrats for LaRouche, Michael Gelber, Richard Sanders, Charles Park, Michael Billington, Paul Goldstein, Jeffrey Steinberg, Michelle Steinberg, Roy Frankhauser, a/k/a Bill Clay, Elliott Greenspan, Caucus Distributors, Inc., Richard Black, Campaigner Publications, Inc., National Caucus of Labor Committees, Edward Spannaus, John Scialdone, and Robert Greenberg, Defendants.**

**Crim. No. 86–323–K.**

United States District Court,
D. Massachusetts.

July 31, 1987.

John Markham, Boston, Mass., Mark D. Rasch, for the U.S.

Michael Reilly, Paul A. Devlin, Haussermann, Davison & Shattuck, Odin Anderson, Robert Rossi, Thomas G. Shapiro, Rikki Klieman, Owen Walker, Federal Defender's Office, Matthew Feinberg, James E. McCall, Boston, Mass., Edward J. McCormick, III, Norfolk, Mass., Daniel S. Alcorn, Arlington, Va., William B. Moffitt, William B. Cummings, Alexandria, Va., John A. Baccari, Wakefield, Mass., Mayer Morgan-

roth, Southfield, Mich., Robert F. Collins, Braintree, Mass., for defendants.

## MEMORANDUM REGARDING EVIDENTIARY HEARINGS

KEETON, District Judge.

Whenever evidence is being taken before a court—whether at trial, or in pretrial or post-trial proceedings—it is a premise, so clearly understood that it is rarely articulated, that the court will receive only evidence that is relevant. To apply the concept of relevance, one must start with a definition, explicit or implicit, of the issue or issues to which the evidence must be relevant—the issue or issues to be resolved by findings of fact based on the evidence received at the hearing.

At a trial, the definition of issues has been provided by the pleadings in a civil action and by the indictment in a criminal action. At an evidentiary hearing before or after trial, the issue or issues to be decided are defined by the motion under consideration if the court simply allows an evidentiary hearing on the motion without further order defining the issues as to which evidence is to be received.

Several types of pretrial motions in criminal proceedings have become so common, and the definition of the issues to be decided so well understood among courts and counsel, that the order allowing an evidentiary hearing is routine and does not include any specification of issues beyond that implicit in setting a time for hearing on the specified motion. Examples are a motion to suppress an oral statement made by a defendant to a law enforcement officer while the defendant was in custody, a motion to suppress identification evidence on the ground of unduly suggestive identification procedure, and—closer to matters at issue in this case—a motion to suppress an identified item of documentary or real evidence seized without a warrant or in a search allegedly beyond the scope of a warrant.

When a motion to suppress identifies an item sought to be suppressed, ordinarily no need exists for further definition of the issues before the hearing commences. Usually it is unnecessary even for the court to hear counsel regarding what witnesses will be called to testify. Instead, the issues are so clearly understood by counsel and the court that counsel agree upon the identity of the witnesses and arrange for their appearance without advance consultation with the court.

When the item or items that are the subject of the motion are specified, a court may avoid wasteful proceedings on moot issues by inquiring of the government whether it proposes to offer any of the identified items in evidence at trial. If not, no evidentiary hearing is needed. If so, the only evidence that need be heard is evidence relevant to determining whether the court should grant the motion to suppress the item or items the government proposes to use at trial. No other evidence is relevant to the issues to be decided at the evidentiary hearing.

If the government proposes to offer in evidence at trial only one of many items identified in a motion, the implicit definition of the scope of the pretrial evidentiary hearing excludes evidence not relevant to the suppression of that item, unless some other issue is presented by another claim. Another issue is presented if, for example, the motion also seeks return of all items seized and the government, though proposing to use only one item as evidence at trial, nevertheless declines to return the others. In that event the scope of the hearing is implicitly extended to evidence bearing upon the motion for return of the other identified items.

A very different circumstance arises when counsel for defendants request an evidentiary hearing in relation to a motion to suppress or to return property seized during a search pursuant to a warrant, without specifying the item or items sought to be suppressed or returned.

The defense motions before me in this case in relation to items seized in the search of October 6, 1985, do not make a claim related to a particular item or items; rather they request suppression and return of all items seized. Thus, they do not

define any issue for hearing other than those issues that are implicit in a claim that the whole search and all the seizures made were so improper that everything seized must be suppressed, or returned, or both. Defendants appear to be seeking suppression or return of all items seized on the following grounds: (1) that the search was deliberately conducted as a general search unlimited by the terms of the warrant; and (2) that the search violated the privileges protecting either the attorney-client relationship or freedom of speech and of the press.

A legal argument for such a broad claim is supported by *United States v. Heldt*, 668 F.2d 1238 (D.C.Cir.1981). The factual requisites of the legal ground established by that decision, however, are quite rigorous and are very different from those applicable to a motion to suppress a particular identified item seized during a search.

Before commencing an evidentiary hearing of the broad scope implicitly defined by this kind of claim a court may appropriately, and indeed must in order not to cause wasteful and potentially harmful use of public and private resources, determine not only whether the legal premise of this claim is valid but also whether there is a basis for the factual claim.

Many analogies bear upon what standard should be applied by a court in determining whether a factual basis is shown. Even those most favorable to defendants, however, require at least some minimal showing of an objectively reasonable basis for expecting with some substantial degree of likelihood that evidence could be developed at an evidentiary hearing that would support fact findings satisfying not merely some but all of the factual requisites of the legal ground asserted. Allegation, hope, surmise, and speculation are not enough. Thus, if there is no showing of some degree of likelihood that the evidence developed at an evidentiary hearing would satisfy all the essential elements of a legal ground that is supported in precedents or in reasoned argument for a decision of first impression, then (with a possible exception discussed in the next paragraph below) the

hearing should be denied because it would not aid in decision of any issue before the court.

█ It may be argued that when a movant asks only for relief that is not legally supportable, the court should itself shoulder the burden of determining whether some lesser relief would be legally supportable (if essential factual findings were made) and, without benefit of the illumination of issues that is supposed to be provided by adversary presentation of competing arguments, identify that lesser relief as the subject of an evidentiary hearing then allowed by the court. A serious flaw in this way of proceeding is that it creates an incentive structure for counsel always to make excessive claims beyond what they have an objectively reasonable basis for making in order to test the absolute limit to which the court will go without having the benefit of well focused adversary presentations. I conclude that it is appropriate for a court, especially after giving notice to counsel that it is doing so, simply to deny the excessive claim for which no objectively reasonable legal and factual basis is presented (that is, not even a basis for reasonably expecting that an evidentiary hearing would develop the factual premises for a legally supportable claim). Counsel are thus made aware that the court will deny an evidentiary hearing unless counsel have made a supportable request for identified relief that might be properly granted on facts that there is some supportable basis for believing might be developed at the hearing.

Proceeding in this way, the court fully protects the rights of defendants to an evidentiary hearing in appropriate circumstances but without converting an evidentiary hearing from a properly defined adjudicative proceeding into an open-ended investigative or discovery hearing. In contrast, it would contribute neither to fair trial nor to wise use of the time and energies of court and counsel to allow counsel's request that the court embark upon an evidentiary hearing of undefined scope.

The first step toward defining the scope of any hearing is to identify precisely the

relief sought. What will the order that the movant seeks say?

The second step is to identify the legal ground or grounds for that relief, and (in the language familiar in criminal cases) the elements of that legal ground—the ultimate fact findings that must be made to support the right to relief under that legal ground.

■ As noted earlier, the identification of the legal ground and the factual elements essential to that ground is implicit in the most familiar types of evidentiary hearings in criminal cases. I conclude, however, that when a request is made that does not fall within one of the familiar patterns, it is appropriate for the court to require that the request specify precisely the relief sought, the legal ground asserted for that relief, and the factual elements claimed to be sufficient to support the relief pursuant to that legal ground. Especially after notice has been given so rights of parties are not prejudiced by counsel's misunderstanding the court's procedure, it is appropriate simply to deny requests for evidentiary hearings that do not meet these requirements. This is so, among other reasons, because the inference is compelling that counsel's failure to meet these requirements arises not from procedural default but from the absence in fact of any objectively supportable basis for the open-ended evidentiary hearing sought.

■ I will follow this procedure in the present case. On the submissions now before me, I recognize the possibility that defense counsel may be able to make a more specific request for relief and for evidentiary hearing related to the proposed relief, which the court might properly allow. Counsel have thus far failed to do so, however, and instead have continued to urge the court to embark upon an open-ended evidentiary hearing regarding the search of October 6, 1986. In the oral hearings now in progress, I will allow counsel one more opportunity, without showing of good cause for late request, to submit any request for evidentiary hearing of defined scope.

One further point is addressed here to avoid any misunderstanding. Defendants have repeatedly argued that they should be allowed an open-ended evidentiary hearing about all aspects of the search of October 6, 1985, as it was conducted, because all the evidence is in the hands of the government alone. I find the factual premise of this contention (that all the evidence is exclusively in the hands of the government) to be incorrect. Given the scope, nature and circumstances of the search authorized by the warrant, it is extraordinarily unlikely that a general search in disregard of the terms of the warrant could have been conducted without substantial objective evidence of violations of the terms of the warrant becoming accessible to defendants. The evidence produced by defendants, including circumstantial evidence of the use of the copying machine, does not constitute substantial objective evidence of violations of the terms of the warrant of such nature and magnitude as to convert the implementation of the authorized search into a forbidden general search. Thus, I conclude that no objectively reasonable basis has been proffered to support a contention that the hearing would be in any degree likely to produce evidence of violations of the terms of the warrant sufficient to support a general order of suppression of all the fruits of the search. As the court emphasized in *Heldt*, 668 F.2d at 1269, the relevant

> concern with the agents' obedience to the limitations of the warrant relates solely to determining whether a violation of such egregious magnitude occurred that *all* fruits of the search must be suppressed.... If *particular documents* seized under the plain view exception had been admitted as evidence-in-chief against defendants and the admissibility of those documents had been put in issue before us, an entirely different analysis would be required.

(emphasis in the opinion).

As to the possibility that some particular item or items of evidence should be suppressed, as explained above, a claim to that more limited form of relief would not be a justification for an open-ended evidentiary

hearing as to all aspects of the search. Only if and when a particular item is identified as the subject of a motion to suppress and a related request for an evidentiary hearing can the court determine whether a hearing of the more limited scope defined by such a request should be allowed.